UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: STEVIE SCOTT and
   VERONICA SCOTT             CASE NO. 08-13340-DWH

STEVIE SCOTT                   PLAINTIFF

VERSUS                ADV. PROC. NO. 08-1212-DWH

MEMPHIS ORTHOPEDIC GROUP          DEFENDANT

OPINION

On consideration before the court is a motion to dismiss filed by the defendant, Memphis Orthopedic Group, ("Memphis Orthopedic"); no response to said motion having been filed by the plaintiff, Stevie Scott, ("debtor"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The debtor and Memphis Orthopedic are in agreement as to the relevant facts. The debtor filed a voluntary Chapter 13 petition on August 22, 2008. Memphis Orthopedic filed a sworn proof of claim on September 29, 2008, which was listed as unsecured in the amount of $192.00. The proof of claim displayed the debtor's social security number, as well as, disclosed

identifiable health information without redaction. The debtor contends that Memphis Orthopedic made information concerning the debtor's private, personal medical treatment and diagnoses available to the public. His complaint sets forth the following five counts:

1) An objection to the Memphis Orthopedic claim;
2) Violation of the Health Insurance Portability and Accountability Act (HIPAA);
3) Contempt of court for the violation of federal district court and bankruptcy court orders and policies against disclosure of personal identifiers and sensitive data, promulgated pursuant to the E-Government Act of 2002;
4) Contempt of court for the violation of Rule 9037, Federal Rules of Bankruptcy Procedure; and
5) Invasion of privacy and the intentional or negligent infliction of emotional distress.

The court is of the opinion that the only viable cause of action pled by the debtor is for contempt of court for the violation of Rule 9037, Federal Rules of Bankruptcy Procedure.

III.

In count one of the complaint, the debtor objects to the allowance of the claim filed by Memphis Orthopedic. Grounds for the disallowance of a proof of claim are set forth in 11 U.S.C. §502(b). In *In re Taylor*, 289 B.R. 379 (Bankr. N.D. Ind. 2003), the court stated it was "directed to determine the amount of the claim '...as of the date of [the] petition, and shall allow [the] claim in [that] amount, except to the extent that' one or more of nine separate sets of circumstances may be found to exist. The term 'shall' [in §502(b)] is mandatory and generally acts as a command. Congress' use of the word 'shall' in §502(b) indicates that the court has no discretion and that it cannot deny a claim for reasons beyond those stated in the statute." *Taylor*, 289 B.R. at 384. The filing of personal identifiers in a proof of claim is not one of the nine factors enumerated in §502(b) that would mandate the disallowance of the claim. Therefore, the motion to dismiss will be sustained as to this count.

The debtor's second count of the complaint asserts a violation of the standards of privacy set forth in the Health Insurance Portability and Accountability Act ("HIPAA"). The debtor asserts that Memphis Orthopedic willfully, intentionally, and recklessly disclosed personal information concerning his medical condition in a public records forum. This count of the complaint must also fail. HIPAA does not provide a private right of action to the debtor. See *Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006) (Holding there is no private right of action for a violation of HIPAA).

The debtor's third count of the complaint asserts a violation of federal district court and bankruptcy court orders and policies against disclosure of personal identifiers and sensitive data, promulgated pursuant to the E-Government Act of 2002. The E-Government Act also provides no private right of action for the debtor. See *In re French*, 401 B.R. 295 (Bankr. E.D. Tenn. 2009); *In re Haefner*, 345 B.R. 588 (Bankr. N.D. Ohio 2006). Therefore, this count of the complaint is not well taken. The contempt allegations are best addressed in count four of the complaint which remains viable. The contempt remedies in count three and count four are identical for all practical purposes.

The debtor's fourth count of the complaint sets forth a violation of Rule 9037, Federal Rules of Bankruptcy Procedure, which is styled "Privacy Protection for Filings Made with the Court." This rule requires the redaction of certain private information when a document is to be filed with the court. The court is of the opinion that this count of the complaint is viable, and the motion to dismiss is not well taken as to this count.

The final count of the debtor's complaint alleges invasion of privacy and the intentional or negligent infliction of emotional distress. This court lacks jurisdiction to decide personal

injury tort claims such as those asserted. See, 28 U.S.C. §157(b)(2)(O), *In re Kovalchick*, 2006 WL 2707428 (M.D. Penn. 2006); *In re Adamson*, 334 B.R. 1 (Bankr. D. Mass. 2005); *In re Thomas*, 211 B.R. 838 (Bankr. D. S.C. 1997); *In re Schepps Food Stores, Inc.*, 169 B.R. 374 (Bankr. S.D. Tex. 1994). Therefore, Memphis Orthopedic's motion to dismiss as to this count of the complaint is well taken.

A separate order will be entered consistent with this opinion.

This the 9th day of October, 2009.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE